UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RL BB FINANCIAL, LLC,                    )
                                         )
    Plaintiff,                           )
                                         )       No. 3:11-CV-049
                                         )       (VARLAN/GUYTON)
V.                                       )
                                         )
DAVID O. ROBINETTE,                      )
J. MICHAEL NIDIFFER,                     )
J. BRENT ROSWALL, and                    )
PATI W. ROSWALL,                         )
                                         )
    Defendants.                          )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order [Doc. 18] of the District Judge referring the Plaintiff Pati Roswall's Amended Motion Pursuant to Local Rule 3.2 [Doc. 62], to the undersigned for disposition or report and recommendation, as may be appropriate.

In her Amended Motion Pursuant to Local Rule 3.2, Defendant Pati Roswall moves the Court to transfer this case to the Greeneville Division of the Eastern District of Tennessee because it is related to RaceDay Center, LLC v. RL BB Financial, LLC *et al.*, Case No. 2:11-CV-017. In support of this request, the movant states that the RaceDay action was filed in the Greeneville division to enjoin foreclosure of real property subject to notes originally held by BB&T but later acquired by RL BB Financial. The Defendants in the instant case are alleged to be guarantors of the notes at issue in the RaceDay case. [Doc. 62 at ¶¶ 2-5]. Ms. Roswall notes that when RL BB Financial submitted the Complaint in this action, it did not indicate to the Clerk of Court that these actions were related. [Doc. 62 at ¶ 6].

Defendants J. Michael Nidiffer, J. Brent Roswall, and David O. Robinette do not oppose Ms. Roswall's request and have moved to adopt the motion. [See Docs. 63, 64].

RL BB Financial has responded in opposition to the Motion to Transfer. [Doc. 71]. RL BB Financial argues that a transfer is not necessary and transferring this case to the Greeneville division will delay disposition of this case. RL BB Financial argues that the present case is brought to enforce the Guaranty Agreements, under which recourse may be had against the guarantors, who are the Defendants in the instant action, without first seeking recourse against RaceDay. [Doc. 71 at 4]. RL BB Financial argues that the instant case does not involve the same property as the RaceDay case and does not arise out of the same transaction or occurrence, and therefore, it should not be transferred. [Doc. 71 at 3-4].

Ms. Roswall filed a final reply in support of her position arguing that these cases: arise out of the same series of loan transactions; pertain to the same real property; and both cases will have to be resolved before any party will be entitled to relief. [Doc. 72].

Local Rule 3.2 directs that civil cases related to cases already assigned to a district judge are to be assigned or transferred, using the following guidelines:

> A. Definition. Civil cases are deemed related when a filed case (1) relates to property involved in an earlier numbered case, or (2) arises out of the same transaction or occurrence and involves one or more of the same parties as an earlier numbered case, or (3) involves the validity or infringement of a patent already at issue in any earlier numbered case.
>
> B. Determination. When it appears to the Clerk that a civil case submitted for filing may be related to a previously filed case, the submitted case shall be referred to the magistrate judge assigned to the previously filed case to determine whether or not the cases are related. If the magistrate judge determines the cases are related, the magistrate judge will enter an order directing the Clerk to assign the submitted case to the district judge and magistrate judge assigned to the previously filed case. If cases are found to be related cases after assignment to different judges, they may be reassigned by the Chief Judge to the judge having the related case earlier filed.

E.D. Tenn. L.R. 3.2(d)(3).

The undersigned finds that the above-captioned case relates to property involved in RaceDay Center, LLC v. RL BB Financial, LLC et al., Case No. 2:11-CV-017, an earlier

numbered case. Specifically, both cases involve two negotiable instruments acquired by RL BB Financial described as: Note I in the original principle amount of $3,640,000.00 and Note II in the original principle amount of $11,534,000.00. [See Doc. 8 in Case No. 2:11-CV-017 & Docs. 1-1, 1-4 in Case No. 3:11-CV-049]. The undersigned also finds that these cases arise out of the same transaction or occurrence and involve one or more of the same parties. Thus, these cases are deemed related pursuant to Local Rule 3.2(d)(3)(A), and the Court finds that transferring this case to the Greeneville division would insure a more just, speedy, and inexpensive disposition of this matter, consistent with Rule 1 of the Federal Rules of Civil Procedure.

Therefore, the undersigned **RECOMMENDS**[1] that:

> 1. The Plaintiff's Amended Motion Pursuant to Local Rule 3.2 **[Doc. 62]** be **GRANTED**; and
>
> 2. The Honorable Curtis Collier, Chief United States District Judge for the Eastern District of Tennessee, **REASSIGN** this case to the Honorable Ronnie Greer, United States District Judge, and the Honorable Dennis Inman, United States Magistrate Judge, who are currently presiding over RaceDay Center, LLC v. RL BB Financial, LLC et al., Case No. 2:11-CV-017, which is the earliest-filed of these two cases.

Respectfully Submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).