UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RL BB FINANCIAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-49 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| DAVID O. ROBINETTE, ) | |
| J. MICHAEL NIDIFFER, ) | |
| J. BRENT ROSWALL, and ) | |
| PATI W. ROSWALL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

On March 28, 2012, United States Magistrate Judge H. Bruce Guyton filed a report and recommendation ("R&R") in this case, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 (Court File No. 73). In the R&R, Judge Guyton recommended Defendant Pati W. Roswall's Amended Motion Pursuant to Local Rule 3.2 (Court File No. 62) be granted,[1] and this case be transferred to the Greeneville Division of the Eastern District of Tennessee and reassigned to the judges presiding over related case *RaceDay Center, LLC v. RL BB Financial, LLC* et al., Case No. 2:11-CV-17 ("the *RaceDay* case"). Plaintiff RL BB Financial, LLC ("RL BB Financial") has filed an objection (Court File No. 75). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 73), **GRANT** Ms. Roswall's motion (Court File No. 62), and **REASSIGN** this case to United States District Judge Ronnie Greer and United States Magistrate Judge Dennis Inman.

Pursuant to Local Rule 3.2(d)(3), a magistrate judge may determine whether a newly-filed civil case is related to an earlier-filed case, and if so, enter an order directing the Clerk to assign the

---

[1] The other three Defendants have moved to adopt the motion (Court File No. 74).

newly-filed case to the district judge and magistrate judge assigned to the earlier-filed case. However, where cases are found to be related after already being assigned to different judges, they may be reassigned only upon order of the Chief Judge. The latter scenario is implicated here, as the issue of whether the instant case is related to the *RaceDay* case did not arise until well after the instant case had been assigned. Under Local Rule 3.2(d)(3)(A), a civil case is deemed related to an earlier case when it, *inter alia*, "relates to property involved in" that case, or "arises out of the same transaction or occurrence and involves one or more of the same parties" as the earlier case.

The *RaceDay* case was filed in the Greeneville division on January 21, 2011 – one week before the instant case – to enjoin foreclosure of certain real property subject to notes currently held by RL BB Financial. The instant action, brought by RL BB Financial, primarily seeks to enforce the Guaranty Agreements for those notes, which were signed by three of the four Defendants. In his R&R, Judge Guyton determined the instant case is related to the *RaceDay* case because the instant case "relates to property involved" in the *RaceDay* case, namely, the notes held by RL BB Financial. Judge Guyton further found the instant case "arises out of the same transaction or occurrence" as the *RaceDay* case, and involves one or more of the same parties, namely RL BB Financial.

RL BB Financial objects to the magistrate judge's conclusion that the two cases are related. According to RL BB Financial, the cases do not involve the same property: the *RaceDay* case concerns promissory notes and the securing real property, while the instant case concerns the Guaranty Agreements. The Court finds this objection unpersuasive. While it is true the promissory notes and Guaranty Agreements are distinct instruments, the Guaranty Agreements are plainly "related to" the promissory notes, inasmuch as they obligate the guarantors to pay the sum owing on the notes. This alone is enough to designate the two cases as related. Moreover, the two cases

2

"arise out of the same transaction or occurrence," namely, the execution of certain loans. Though the Guaranty Agreements have a different specific legal function than the promissory notes, they were executed at or about the same time as the promissory notes, as integral parts of the general "loan transactions." Given the close relationship between the Guaranty Agreements and the promissory notes, the Court considers it implausible to characterize the two as arising out of different transactions or occurrences. Thus, the Court concludes, as did Judge Guyton, the instant case is related to the *RaceDay* case.

Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 73), **GRANTS** Ms. Roswall's motion (Court File No. 62), and **DIRECTS** the Clerk to **REASSIGN** this case to the Honorable Ronnie Greer, United States District Judge, and the Honorable Dennis Inman, United States Magistrate Judge, who are currently presiding over the *Raceday* case.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**