UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| RACEDAY CENTER, LLC | ) | |
|---|---|---|
| | ) | |
| V. | ) | NO. 2:11-CV-17 |
| | ) | |
| RL BB FINANCIAL, LLC, *ET AL.* | ) | |

and

| RL BB FINANCIAL, LLC | ) | |
|---|---|---|
| | ) | |
| V. | ) | NO. 3:11-CV-49 |
| | ) | |
| DAVID O. ROBINETTE, *ET AL.* | ) | |

**MEMORANDUM AND ORDER**

These cases are factually related, and intimately so. They have at least one over-arching common denominator: a series of loans made by Branch Banking and Trust Company ("BB&T") to Raceday Center, LLC ("Raceday"). Those loans were evidenced by promissory notes and various related loan documents. Some of those related documents were guaranty agreements signed by David Robinette, Michael Nidiffer, and Brent Roswall (the "guarantors") to secure Raceday's repayment obligations.

According to various pleadings filed in these cases, BB&T assigned the promissory notes and related loan documents to RL BB, LLC("RL BB"), as a result of which RL BB

claims the right to sue on the notes and guaranty agreements.[1]

Raceday defaulted on its repayment obligations. In December 2010, it filed suit in state court, essentially claiming that BB&T and the other defendants breached various agreements and generally acted in bad faith regarding Raceday's efforts to remain financially afloat. *See*, Amended Complaint, Document 94. *Raceday demanded a trial by jury.* After removing the suit to this court, i.e., the Greeneville Division of the Eastern District of Tennessee, RL BB (and another defendant, Rialto Capital Advisors) countersued for the amounts owing on the notes.

In January 2011, RL BB filed suit in the Knoxville Division of this court against the guarantors on Raceday's notes. This suit was transferred to District Judge Greer of the Greeneville Division. *The defendants, i.e., the guarantors, demanded trial by jury.*

Rialto Capital Advisors, LLC ("Rialto") is said to be the attorney-in-fact for RL BB. Rialto has been named as a defendant in Raceday's suit, i.e., the Greeneville suit, on the theory that it caused RL BB to commit some of the tortious acts of which Raceday complains.

Pati Roswall ("Pati Roswall"), wife of the guarantor Brent Roswall, did not sign a guaranty agreement. Nevertheless, she has been named as a defendant in the Knoxville suit on the theory that her husband transferred to her his interest in certain real properties owned by them as tenants by the entireties, and that the transfer was a fraudulent effort to frustrate

the claims of creditors, including RL BB. *She, too, has demanded a jury trial.*

**MOTIONS TO STRIKE JURY DEMANDS**

In the Greeneville case, 2:11-CV-17, the defendants, i.e., RL BB Financial and BB&T, have moved to strike the plaintiff's jury demand. (Doc. 125). Similarly, in the Knoxville Division case, No. 3:11-CV-49, plaintiff RL BB Financial has filed a motion to strike the jury demand of the defendant-guarantors. (Doc. 83).

The basis of the movants' motions that the jury demands be stricken are provisions in the relevant loan documents.

The promissory notes and loan agreements executed by Raceday Center and BB&T both contain this language:

> <u>WAIVER OF TRIAL BY JURY</u>. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTED HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THIS NOTE. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

The Guaranty Agreements executed by the defendants in the Knoxville case contain the following language, identical in substance at least, to the waiver provisions in the loan

3

agreements executed by Raceday Center:

> WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS GUARANTY OR THE BORROWER'S NOTE(S), AND THE RELATED LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND THE BANK OR THE BORROWER AND THE BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO ACCEPT THIS GUARANTY AND TO MAKE THE LOAN(S) TO THE BORROWER. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Notwithstanding the Sixth Amendment right to a jury trial, that right can be waived. The only requirement is that the waiver be knowing, voluntary, and intentional. *See, e.g., K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir. 1985).

Although they do not suggest that the waivers were executed unknowingly, unintentionally, or involuntarily, Raceday in the Greeneville suit, and the guarantors and Pati Roswall in the Knoxville suit, advance several theories in support of their arguments that the waivers of a jury trial are either inapplicable, or unenforceable:

- *Raceday argues that there is no document that waives a jury trial for Raceday's claim against Rialto.*

That, rather obviously, is true. Rialto was not a party to the notes or loan documents, and neither was it listed as an assignee along with RL BB. HOWEVER, *Raceday* is a party

4

to the notes and loan documents and contained within them were provisions which waived Raceday's right to a jury trial regarding "any matters or claims arising out of this note or ANY loan document connected herewith." Raceday's claims against Rialto undeniably "arise" out of the notes and loan documents. But for those notes and loan documents, there would be no lawsuit against Rialto for the claims now pursued by Raceday, et al. The fact that Rialto is not an assignee of the notes and loan agreements is irrelevant as for *Raceday's* waiver of a jury trial is concerned.

- *Raceday argues that none of the notes or loan documents define "Payee" or "Bank" to include successors and assigns.*

An unlimited assignment of any contract, including a promissory note, conveys to the assignee ALL rights and obligations of the assignor; the movants cite no authority to the contrary. Nor is it necessary, as movants seem to implicitly suggest, that a contract such as a promissory note must expressly describe the parties thereto as including potential assignees before the contract can be enforced by (or against) an assignee.

Raceday argues that the waiver provisions apply to claims arising out of the relationship with the "Bank" or the "Payee," both of which terms are defined to be BB&T. In other words, Raceday argues that the relevant documents do not include assigns as far as the jury waiver provisions are concerned.

This argument is far too great a stretch. "Payee" is defined as BB&T "and any subsequent Holder." The Amended Note recites that "Holder" includes successors and assigns. In short, all other questions aside, any assignee of BB&T can take advantage of the

5

jury waiver provision to the same extent as could BB&T in the first instance.

- *There is a factual dispute regarding who is the present holder of the notes and thus who has the right to enforce those notes.*

Raceday and the guarantors have long demanded that they be allowed to inspect the *original* notes and loan documents, not because they question the authenticity of the copies they have – after all, they presumably made copies of the originals when they executed same – but rather because they question whether RL BB actually has the originals in its possession. They argue that if RL BB does not have physical possession of the originals, that indicates that the notes have been assigned to some entity other than RL BB, as a result of which RL BB has no right to sue on the notes.

This argument has little logic to it. If RL BB does not own or hold the notes and loan documents, then its suit will be dismissed by the district judge, either at trial or, more likely, by summary judgment. But a party to a contract which contains a waiver of jury trial provision may not eviscerate that provision by making a naked assertion in a lawsuit that his opposing party cannot enforce that waiver provision because it is not a holder of the contract. If such a claim, without more, is legally sufficient to nullify a provision in a contract that waives a jury trial, then such waiver provisions would cease to have any actual usefulness and their inclusion in a contract would be a waste of time. At the very least, Raceday and the guarantors must come forward with *evidence*, as opposed to an allegation or, as here, mere speculation that RL BB is not the holder of the notes and other loan documents.

- *The claim against Pati Roswall is not covered by the jury waiver provision.*

6

RL BB has sued Pati Roswall only to the extent that RL BB claims that her husband's conveyance to her of his spousal interest in jointly-owned property was a fraudulent attempt to put that property beyond the reach of any creditor, especially RL BB. RL BB asks that the transfer be voided.

Pati Roswall claims that the jury waiver provisions are not applicable to her, and with her argument the court agrees.

Ms. Roswall is a stranger to the notes and loan documents, including the guarantees. Being married to one of the guarantors does not make her a *de facto* party to any of the loan documents. And, assuming for the moment that her husband's conveyance to her of his spousal interest in the jointly-owned realty was an attempt to defraud RL BB, Pati Roswall's involvement is too far attenuated to hold that her actions, *viz.*, being the grantee of the conveyance, even to the extent she knew its purpose, "arose out of" the guaranty contracts. Just as importantly, a person cannot knowingly, intentionally, and voluntarily waive a right to a jury trial contained in a contract to which she was not a party. Once again, it bears noting that Ms. Roswall's marriage to a guarantor does not maker her a party to her husband's guaranty.

Since Pati Roswall is not bound by the jury waiver provisions, a logistical problem arises: the district judge will be confronted with the unpalatable task of conducting a bench trial with respect to all other parties to this litigation, but a jury trial with respect to the claims against Pati Roswall. By the same token, the issues involving the other parties are far different and largely independent of the claims made against Pati Roswall. The jury

7

empaneled to hear the claim against Ms. Roswall would have to suffer through hour after hour of evidence presented against the other defendants that would have little if any application to the issues they were charged with deciding.

The solution is simple: the district judge will conduct a bench trial on the primary issues involving RL BB, Raceday, and the guarantors, and later a jury trial regarding the secondary issue of whether Brent Roswall's conveyance of his interest in the subject real property to Pati Roswall should be set aside as fraudulent. Of course, if the district judge finds in favor of the guarantors in the Knoxville case, then RL BB's claim against Pati Roswall becomes moot.

- *Jury waivers, being in deregation of the Sixth Amendment right, must be strictly and narrowly construed.*

The court does not disagree with this principle. It is with Raceday's and the guarantors' attempted application of this principle that goes too far.

First, they argue that the tort claims asserted by Raceday against BB&T, Raceday, and Rialto do not "arise out of" the notes and loan documents. This is flatly wrong. *Every* claim by RL BB against Raceday and the guarantors, and every claim by Raceday and the guarantors against BB&T, RL BB, and Rialto, have their genesis in the notes and loan documents. Absent the notes and loan documents, the torts as described by Raceday, *et al.* would not – could not – have occurred.

Second, they argue that the fraudulent conveyance claim against Pati Roswall and her husband Brent Roswall, do not arise out of the loan documents.

8

With regard to Pati Roswall, the court agrees; that matter has been previously addressed in this order.

With regard to Brent Roswall, the court does NOT agree. Unlike Pati Roswall, he was a signatory to a continuing guaranty. Taking as true RL BB's allegations in the Knoxville complaint, he conveyed his interest in the real property in an effort to hinder or defeat RL BB's efforts to collect on any judgment it might obtain against him on his guaranty. To that extent, his fraudulent transfer arose out of the guaranty.

But for one factor, Brent Roswall would not be entitled to a jury trial on the issue of the fraudulent transfer. That one factor, however, presents an insoluble dilemma for the district judge. In the separate trial with respect to Pati Roswall as discussed earlier, must he conduct a jury trial for the claims against Pati Roswall, and a bench trial for those claims against Brent Roswall regarding the fraudulent transfer?

Pati Roswall is entitled to a jury trial; the practical problem just described cannot deprive her of that right. Simultaneously conducting a bench trial for the suit against Brent Roswall and treating Pati Roswall's jury as "advisory," is awkward. Indeed, it is more than awkward; it is nightmarish. What if the jury, in its non-advisory capacity in the suit against Pati Roswall, finds in her favor, but the district judge resolves the disputed facts against Brent Roswall in the bench trial? Is the district judge to ignore what he believes the preponderance of the evidence requires and take the "advice" of the jury simply because the jury's findings are conclusive with respect to the suit against Pati?

Conducting the bench trial for Brent Roswall with respect to the fraudulent transfer

9

claim during the same bench trial regarding Raceday and the guarantors is no answer; the same problem potentially would arise.

To eliminate the all-too-real chance of inconsistent verdicts, and bearing in mind that Pati Roswall's constitutional right to a jury trial has not been waived, the court elects to decline to enforce Brent Roswall's waiver of a jury trial as to the fraudulent transfer claim only.

**HOLDING**

In 2:11-CV-17, the motion to strike the plaintiffs' demand for a jury trial, (Doc. 125), is GRANTED.

In 3:11-CV-49, the motion to strike the defendants' jury demand (Doc. 83), is GRANTED IN PART and DENIED IN PART: (a) it is DENIED as to the defendant Pati Roswall and Brent Roswall with respect to the sole issue of whether the conveyance of Brent Roswall of his marital interest in certain property to Pati Roswall should be set aside as fraudulent; (b) in all respects the defendants' motion to strike is GRANTED.

At this juncture, the motions of RL BB, *et al.*, to amend the scheduling orders must be addressed.[2] These motions are granted:

(1) The two cases will be consolidated for purposes of a bench trial;

(2) In Case No. 3:11-CV-49, the plaintiff's claim against Pati Roswall and Brent Roswall to set aside the latter's conveyance to Pati Roswall as fraudulent will be severed

---

[2] 2:11-CV-17, Doc. 127; 3:11-CV-49, Doc. 85.

from all other issues and tried separately, *with a jury*, sometime after the conclusion of the bench trial.

New scheduling orders must be filed. The Clerk of this Court shall notify the attorneys of the day and time they should contact the district judge's law clerk. The scheduling orders that are filed will render moot the request to amend the expert disclosure deadlines in 3:11-CV-49 to mirror those same dates in 2:11-CV-17, and the request to amend the scheduling orders to delete the recitation that Kyle Baisley, Phillip Mexer, and Maurice Guinn were present as the first scheduling conference.

SO ORDERED:

                                                  s/ Dennis H. Inman
                                                United States Magistrate Judge